IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

March 31, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

E1999-02096-COA-R3-CV

)  SEVIER COUNTY
ROBERT BOWMAN, ET AL.,          )  03A01-9904-CH-00126
                                )
     Plaintiffs/Appellees,      )
                                )
     v.                         )
                                )  HON. TELFORD E. FORGETY, JR.
GATLINBURG CONDO MANAGEMENT,    )  JUDGE
     INC., ET AL.,              )
                                )
     Defendants/Appellants.     )
                                )
                                )
                                )  AFFIRMED AND REMANDED
                                )

C. DAN SCOTT and BARRY W. EUBANKS, Sevierville, for Appellants

ERIC J. MORRISON, Knoxville, for Appellees

O P I N I O N

Goddard, P.J.

This suit involves a determination of whether specific areas within a condominium complex are units for occupancy or are "common areas" available for use by all condominium owners. Robert Bowman, et al., the Plaintiffs/Appellees,[1] initiated an action in the Sevier County Chancery Court against The Gatlinburg Condo Management, Inc., et al., the Defendants/Appellants. The Sevier County Chancery Court granted summary judgment in favor of the Appellees.

The Appellants present for our consideration the sole issue, which we restate, of whether the Trial Court erred in granting summary judgment for the Appellees. Pursuant to Rule 13(a) of the Tennessee Rules of Appellate Procedure, the Appellees raise the following additional issue, which we restate, of whether the Trial Court erred in denying the Appellees' Motion to Strike the affidavits of James Jett and Charlie R. Johnson.

---

[1]Approximately twenty-four owners of condominiums joined in this cause of action.

The Appellees are owners of condominium units in the Gatlinburg Chateau Condominiums, a multi-unit condominium project located in Sevier County. Gatlinburg Chateau was created and established by a master deed dated July 2, 1990.[2] Gatlinburg Chateau Development Company, Inc. was the developer of the Gatlinburg Chateau condominium project. Around October 25, 1990, the "C-Units" were conveyed by Gatlinburg Chateau Development Company, Inc. to CC Café, Inc., which later conveyed them to James Jett and Yvonne Jett, who have used them for commercial purposes since their purchase. James Jett has paid monthly homeowner's dues and assessments on the C-units since becoming the owner of those units. The office, which is designated as area C-1, has been assessed separately for tax purposes, with James Jett paying taxes on that parcel from 1992 through 1997.

---

[2]The master deed had accompanying Exhibits A through F: A--the By-Laws of the Gatlinburg Chateau Homeowner's Association, Inc.; B--the Schedule of Percentage Ownership in Common Elements; C--the Estimated Operating Budget (Initial); D--is the Unit Owner's Vote Assignment; E--the Articles of Incorporation of Gatlinburg Chateau Homeowner's Association Incorporated; and F--the Legal Description of Submitted Property.

Area C-1, which is enclosed and located in a separate building in the condominium project, has been used as a rental office. Areas C-2 and C-3 are small storage areas. Area C-2, which is located on the second floor, is in an enclosed area with a door that opens onto the walkways which are common areas in the condominium project. Area C-3, which is located on the third floor, is also in an enclosed area with a door that opens onto the walkways which are common areas in the condominium project.

The Appellants argue that the Trial Court erred in granting summary judgment in favor of the Appellees. The Trial Court based its finding on several provisions from the condominium documents. The Court noted that the condominium documents did not specifically mention commercial units as a separate class of property, and no where did the documents designate areas C-1, C-2, and C-3 as commercial units.

4

The Trial Court noted that Article 3, Section 6
entitled Property Rights provides

> that the condominium project consists of 54 residential
> units in common areas.  No other class of property is
> created in the court's view except the 54.  Just what
> the master deed says.  There are 54 residential units
> and there are common elements.  Nothing else was
> created.
> In that connection, the Court notes that there are
> specifically shown in the master deed, condominium
> plat, and the condominium plans, in fact, 54
> residential units or apartments and that these do not
> include the areas "C1, C2, and C3." Court can only
> conclude that the only thing those areas can be, if
> they are not residential units, if they are not one of
> the 54 residential units, that the only thing they can
> be is common elements because that is the only class of
> property that was created."

The Appellants argue that from the Master Deed and the
accompanying Exhibits, it is obvious that the C-Units were
designated separately from other units and from the common
elements in order to create separate commercial units.  The
Appellants further contend that the language in the Master Deed
and the designations contained in the Exhibits to the Master
Deed indicate that the C-Units would be "units," as defined in

5

the Master Deed, and that the C-Units would be used for commercial purposes.  The Appellants maintain that the Master Deed recognized that some of the units would be used for something other than residential purposes, which units C-1, C-2, and C-3 are.

The Appellants further assert that the Master Deed allows for unit designations by letter and number, such as C-1 or P8601 or 406.  Article 3, paragraph 1 of the Master Deed provides that "[f]or the purposes of unit designation, Each Unit in the Condominium is identified by number, number and letter, or letter and is delineated in the Exhibits hereto which are made a part of this Declaration."  The Appellants argue that the C-Units are the only areas of Gatlinburg Chateau that are designated with a letter and number, as provided for in the Master Deed in Article 1, paragraph 12 and in Article 3, paragraph 1.  They also contend that no provision in the Master Deed provides for the designation of common elements by letter

6

and number, and no areas of the common elements are designated by letter and number.   Thus, the Appellants maintain that the Master Deed provides that the C-Units are "Units," which means a condominium unit in the context of the Master Deed.

Finally, the Appellants contend that the Trial Court erred in its judgment:

> In reaching its conclusion that the C-Units are common elements of Gatlinburg Chateau, the Trial Court completely ignored the fact that Article 3, paragraph 1 of the Master Deed provides that each condominium unit is identified by number, number and letter, or letter, and that the C-Units are designated by a letter and number.  Based on the definitions contained in the Master Deed for common elements and units, and based on the fact that the C-Units are assigned a letter and a number, a reasonable person would not conclude that the C-Units are part of the common elements of Gatlinburg Chateau. [emphasis in Appellants' brief]

The Appellees, however, argue that the Trial Court correctly held that the C-units are common elements of the Gatlinburg Chateau.   The Appellees agree with the Appellants' assertion that the term "Unit" means a condominium unit.

However, the Appellees contend that the Appellants leap to the conclusion that "such a designation automatically renders the C-units a defined 'Condominium Unit, Unit, or Apartment' as contemplated in the Master Deed.'" The Appellees dispute the Appellants' contention that the C-units are the only areas of Gatlinburg Chateau that are specifically designated with a letter and number, noting that four penthouse condominium units at Gatlinburg Chateau are referenced in Exhibits B and D of the Master Deed by letter and number.

The Appellees maintain that the Appellants' "reference to the C-units in the Exhibits to the Master Deed by letter and number inescapably renders the C-units to be defined a 'Condominium Unit, Unit or Apartment' under the Master Deed is pure sophistry because it fails to consider the qualities and characteristics that make up a defined 'Condominiums Unit, Unit, or Apartment.'" They note that "the Master Deed is noticeably silent [with] respect to any direct reference to any kind of C-

8

unit or the existence of such a type unit.  The C-units are listed in some of the Exhibits of the Master Deed."  Moreover, the Appellees argue that the Appellants cannot show any provision in the Master Deed or the Exhibits that show the C-units as being equated with the residential units.

A Trial Court's decision to grant a motion for summary judgment is not entitled to a presumption of correctness on appeal.  Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995).  This Court determines whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met.  Mason v. Seaton, 942 S.W.2d 470, 472 (Tenn. 1997).

An evaluation of a summary judgment motion must address these questions: "(1) whether a factual dispute exists; (2) whether the disputed fact is material to the outcome of the case; and (3) whether the disputed fact creates a genuine issue for

9

trial." Byrd v. Hall, 847 S.W.2d 208, 214 (Tenn. 1993) (emphasis in original). When considering a motion for summary judgment, the evidence must be viewed in a light most favorable to the nonmoving party, and all reasonable inferences must be made in the nonmoving party's favor. Byrd, 847 S.W.2d at 210.

In reviewing the master deed and all the accompanying exhibits, we are of the opinion that the Trial Court properly concluded that the areas in question are common elements. As the Trial Court discussed in its memorandum opinion, the Master Deed provides for condominium units as residences and for common elements, nothing more. Also, the condominium unit vote assignment does not include any assignment for votes to the areas of C-1, C-2, or C-3. Furthermore, the Master Deed does not provide for any "commercial units" as the Appellants argued. Finally, Exhibit F, which contains the architectural drawing for the condominium complex, shows that the areas designated as C-2 and C-3 were originally designated as a "mechanical room" and an

"electrical room," respectively. Thus, such designations would lead a reasonable person to conclude that areas C-2 and C-3 were never intended to be considered for occupancy.

In light of the foregoing, we believe that there are no genuine issues of material fact which must be determined by trial. The judgment of the Trial Court is affirmed, and the cause is remanded for such further proceedings, if any as may be necessary, consistent with this opinion. Having affirmed the judgment of the Trial Court, we need not address the Appellees' issue on appeal. Costs of appeal are adjudged against Gatlinburg Condo Management, Inc.

_____
Houston M. Goddard, P.J.

CONCUR:

11

_____
Charles D. Susano, Jr., J.


_____
D. Michael Swiney, J.